ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, December 5, 2023 4:32:27 PM
CASE NUMBER: 2023 CV 06192 Docket ID: 661484172
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS

OF MONTGOMERY COUNTY, OHIO

GENERAL DIVISION (CIVIL)

41 North Perry St.
Dayton, Ohio 45422

| | |
|---|---|
| **Christine Baker** | **Case No. 2023 CV 06192** |
| Ohio Supreme Court No. 0088634 | Judge Kimberly A. Melnick |
| Pro se | |
| 120 West Second St., Ste. 435 | **FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES** |
| Dayton, Ohio 45402 | |
| Plaintiff, | **Claim One: Defamation Per Se** p.8 |
| | **Claim Two: Defamation Per Quod** p.9 **(Alternative to Claim One)** |
| *v.* | |
| **Zachary Reynolds** | **Claim Three: Conversion** p.10 |
| 4912 Cornell Ave., | **Claim Four: Abuse of Process** p.10 |
| Downers Grove, Illinois 60515-3321 | **Claim Five: Negligent Infliction of Emotional Distress** p.11 |
| Defendant. | and |
| | **JURY DEMAND.** |

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

**ALLEGING TORTIOUS CLAIMS AGAINST ZACHARY "ZACK" W. REYNOLDS**

    I, Christine Baker, submit this Plaintiff's First Amended Complaint as permitted by Ohio Civ. R. 15 (A party may amend its pleading once as a matter of course within twenty-eight days after serving it…).

1

Mont. Co. Ohio 2023 CV 06192     Plaintiff's First Amended Complaint     December 5, 2023

Respectfully submitted,

*Christine Baker*

Christine Baker, Plaintiff
Ohio Attorney No. 0088634
*Pro Se*
120 W. 2nd St., Ste. 435
Dayton, Ohio 45409
Tel. (937) 212-9013
E-mail: christinebakerlaw@outlook.com, christine@christinebakeresq.com

## I. PRELIMINARY STATEMENT

A. I, Christine Baker, am an Ohio attorney appearing pro se in this action. I allege that Defendant Zachary W. Reynolds, an Illinois resident, engaged in culpable tortious behavior. I seek monetary compensatory and punitive damages, costs of suit, attorney fees, and declaratory relief. I respectfully request trial before a jury of my peers.

## II. PARTIES

B. I, Christine Baker, am the Plaintiff in this matter. I am a Montgomery County resident and Ohio attorney proceeding pro se.

C. Zachary "Zack" Reynolds is an Illinois resident. Upon information and belief, he resides at the address listed on the caption of this complaint.

D. The parties had no interactions or awareness of each other before the facts set forth below.

Continued on the next page.

2

Mont. Co. Ohio 2023 CV 06192     Plaintiff's First Amended Complaint     December 5, 2023

III.  FACTS

E. Since 2004, I have been married to my former 6th-grade classmate, Zachary Reynolds.  In late September 2023, I intended to transfer funds from my law office checking account to my household one.  On September 19, 2023, and September 20, 2023, I sent two payments totaling $550 over the payment app Zelle.

F. I erred and sent these payments to someone associated with Gmail address [zreynolds@gmail.com](zreynolds@gmail.com).  My husband, the intended recipient of these transactions, has a Gmail address that is one digit away from the aforementioned email.

G. The Defendant accepted each of the two payments via Zelle.

H. Realizing the mistake, I located the likely recipient through publicly available information.  I contacted him by sending simultaneous text message and e-mails.

I. Defendant Zachary "Zack" Reynolds confirmed receiving the payments.  He advised in writing that this was my error and that he would take no steps to return the money.  I soon learned that Mr. Zack Reynolds is an executive at Diversified Search, a professional search firm.

J. On or around September 22, 2023, I e-mailed Mr. Reynolds' text messages to managers at Diversified search.  I asked them if the Defendant's statements are consistent with their values.  No one from Diversified Search responded or asked me to not to contact them.

K. I contacted my bank, Chase, and requested rescission of the payments to Mr. Reynolds.  Eventually, Chase advised me in writing that it would not unwind those payments.

L. The Defendant repeatedly suggested that I contact Charles Schwab, the bank where he was keeping my money.  I telephoned Charles Schwab.  A representative told me that it could not intervene in my dispute with one of its customers.

3

Mont. Co. Ohio 2023 CV 06192    Plaintiff's First Amended Complaint    December 5, 2023

M. Mr. Reynolds advised me in writing that, to recover my money, I would have to "serve him with papers." I anticipated initiating a civil complaint in Downers Grove, Illinois, where the Defendant lives. I planned to use a police report as an exhibit in my eventual civil action.

N. The Downers Grove Police Department told me to first file a complaint with the police department where I live. On September 27, 2023, I e-mailed the Kettering Police Department, copying the Defendant. My message contained the facts set forth above.

O. Mr. Reynolds responded angrily to the e-mail. He described me of as "out of hand" and wrote: "I have taken additional measures that she will be aware of soon."

P. Earlier on September 27, 2023, Mr. Reynolds sent a letter to the Dayton Bar Association. That correspondence:

   a. Contained an incomplete record of text messages between Mr. Reynolds and me;

   b. Was styled as a "complaint to the Dayton Bar Association Grievance Committee regarding the actions of Ms. Christine Baker;"

   c. Was predicated upon an apparent misapprehension by the Defendant of an important fact – that Zachary Reynolds of Dayton, Ohio was my client;

   d. Describes my behavior as "egregious, shameful, highly inappropriate, and unbecoming of a barred attorney", and

   e. Seeks my reprimand by the Dayton Bar Association.

Q. My correspondence to the Kettering Police Department contained facts contradicting upon which Mr. Reynolds' grievance rests. Specifically, I state that Zachary Reynolds of Dayton, Ohio is my husband. Presumably, Zachary Reynolds of Illinois read those

4

messages, as he meaningfully responded and included me in the e-mail distribution. Thus, <u>after</u> he initiated the grievance, Mr. Reynolds was enlightened to the fact that a husband-wife, not attorney-client, relationship existed between me and Zach Reynolds of Ohio.

R. Also on September 27, 2023, Mr. Reynolds sent me a series of taunting text messages, including one wherein he told me to "get help." I forwarded those messages, without comment, to Diversified Search executives.

S. On October 3, 2023, the money was transferred back into my account.

T. After September 27, 2023, and on or before November 16, 2023, Mr. Reynolds spoke with a representative of the Dayton Bar Association's grievance committee.

U. Upon information and belief, Mr. Reynolds did not correct any of the mistaken assumptions in his grievance to the DBA.

V. Upon information and belief, Mr. Reynolds was not truthful to the DBA about the circumstances surrounding reimbursement on or around October 3, 2023.

W. On November 27, 2023, I was contacted by an Illinois attorney named Eric P. Sparks. Upon information and belief, the Defendant published to Mr. Sparks untrue statements about me and our dispute. Specifically, he told Mr. Sparks that, before I could be reimbursed, I was required to prove the rightness of my cause to Charles Schwab. This statement is an unmitigated falsehood.

X. The facts surrounding my interactions with Mr. Sparks are included in the pending Plaintiff's Motion for Preliminary Injunction (Unauthorized Practice of Law). I respectfully re-incorporate those facts here.

Y. Mr. Sparks is not admitted to practice law in Ohio. He has not filed a Notice of Appearance in this case. He has not filed a Motion for Pro Hac Vice admittance. He has not

5

Mont. Co. Ohio 2023 CV 06192　　　　Plaintiff's First Amended Complaint　　　　December 5, 2023

responded to correspondence after he telephoned and e-mailed me on November 27, 2023.  He has not responded to repeated requests to clarify the scope of the representation of Mr. Reynolds.

Z. By directing his out-of-state agent to contact me, claim to represent Mr. Reynolds, and threaten me (but not engage in legitimate civil process), the Defendant has defamed me, abused legal process, and negligently inflicted emotional distress.

## IV. JURISDICTION

*Subject Matter Jurisdiction*

AA. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." Ostanek v. Ostanek, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162 (additional citations omitted).  A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *Id.*

BB. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.'" Ostanek citing omitted cases and 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

CC. Ohio's General Assembly has the power to define the subject-matter jurisdiction of the common pleas courts.  Under Article IV, Section 4(B) of the Ohio Constitution states: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters as may be provided by law."

DD. Ohio Revised Code Section 2305.01 provides the statutory basis for this Court's jurisdiction. "The court of common pleas has original jurisdiction in all civil cases in which the

6

Mont. Co. Ohio 2023 CV 06192  Plaintiff's First Amended Complaint  December 5, 2023

sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." ORC §2305.01 (Jurisdiction in civil cases – trial transfer). This case is a civil dispute with stated damages in excess of municipal courts' jurisdiction. Accordingly, this Court has jurisdiction to hear the controversy in question here.

*Personal Jurisdiction*

EE. For a court to lawfully exercise specific personal jurisdiction over a defendant, the defendant must have taken some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state. LG Chem, Ltd. v. Goulding, 167 Ohio St.3d 488, 2022-Ohio-2065, 194 N.E.3d 355. "Purposeful availment," as required for specific personal jurisdiction, occurs when the defendant deliberately reaches out beyond its home, by, for example, exploiting a market in the forum state or entering a contractual relationship centered there. (Id).

FF. In Sky v. Van Der Westhuizen, the Ohio Court of Appeals for the 5th District found that an out-of-state cat breeder could be sued in Ohio for defamation. In that case, the defendant cat breeder sent false and defamatory e-mails about the plaintiff (also a cat breeder). These messages were sent to Ohio individuals and organizations on the cat breeding scene. Sky v. Van Der Westhuizen, 5th Dist. No. 2018 CA 00127, 2019-Ohio-1960, 136 N.E.3d 820.

GG. Here, the Defendant has established minimum contacts with Ohio which support this Court's jurisdiction. He sent messages to the Dayton Bar Association, which is an Ohio organization. He also e-mailed the Kettering Police Department, another Ohio entity. He initiated the Ohio attorney grievance process. He is subject to Ohio court jurisdiction for this civil action.

7

Mont. Co. Ohio 2023 CV 06192       Plaintiff's First Amended Complaint       December 5, 2023

## V. VENUE

HH. Venue is proper before this Court because all or part of this claim arose in Montgomery County, Ohio. (Ohio Civ. R. 3). Also, venue is supported under Ohio Civil Rule 4.3 because a Plaintiff residing in Montgomery County, Ohio seeks to effectuate out-of-state service of process for tortious injuries incurred in Ohio. (Ohio Civ. R. 4.3).

## VI. CAUSES OF ACTION

### First Cause of Action: Defamation Per Se

II. "Defamation" is a false publication that injures one's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business. Hartman v. Kerch, 8th Dist. No. 111928, 2023-Ohio-1972, 217 N.E.3d 881 (Ohio 8th Dist. Ct. of App., June 2023).

JJ. In Ohio, a statement may be considered 'per se' if it falls that constitute defamation within one of four categories:

(1) A statement that accuses the victim of an indictable offense involving moral turpitude or infamous punishment,

(2) A statement implying the victim has an offensive or contagious disease meant to isolate or ostracize the victim,

(3) Words that injure a person in their trade or occupation, or

(4) Statements that subject the victim to public hatred, ridicule, or contempt.

-Woods v. Capital Univ., 2009-Ohio-5672 (10th Dist. Franklin 2009).

KK. Here, the Defendant's published false statements about me (to the DBA and to Eric P. Sparks) which injured me in my trade or occupation. Mr. Reynolds' culpable statements

8

Mont. Co. Ohio 2023 CV 06192   Plaintiff's First Amended Complaint   December 5, 2023

are hardly ambiguous. His request for my professional sanction is predicated on falsehoods, half-truths, and omissions.

### Second Cause of Action: Defamation Per Quod

LL. "Defamation per quod" refers to a communication that is capable of being interpreted as defamatory, i.e., it must be determined by the interpretation of the listener, through innuendo, as being either innocent or damaging. Carr v. Educational Theatre Assn., 1st Dist. No. C-220240, 2023-Ohio-1681, 215 N.E.3d 584.

MM. If a statement is defamatory per quod, the plaintiff must plead and prove special damages, though no such requirement exists for defamation per se. (Id.).

NN. This second cause of action is offered as an alternate claim for *defamation per se*. Given the elevated pleading requirements for *defamation per quod*, I respectfully state the following:

OO. Mr. Reynolds' statements in the course of the grievance investigation, statements to the Kettering Police Department, and statements to Eric P. Sparks have caused me emotional distress, reputational harm, physical manifestations of distress, exacerbation of pre-existing health conditions, and the expenditure of effort, money, and time. I reasonably anticipate depressed lifetime earnings as a result of his scurrilous behavior.

PP. False statements by Mr. Reynolds (during the grievance process, to the Kettering Police, and to Mr. Sparks) constitute unprivileged defamation.

QQ. If any statements are privileged under current state jurisprudence, this action avers that such privilege contravenes my rights to due process and equal process under the law. (U.S. Const. Amdt.14 Sec.1, Ohio Const. Art.1 Sec.16, Ohio Const. Art. 1 Sec.2).

9

Mont. Co. Ohio 2023 CV 06192   Plaintiff's First Amended Complaint   December 5, 2023

**Third Cause of Action: Conversion**

RR. "Conversion" is an exercise of dominion or control wrongfully exerted over property in denial of or under a claim inconsistent with the rights of another. Dice v. White Family Cos., 2nd Dist. No. 22057, 173 Ohio App.3d 472, 2007-Ohio-5755, 878 N.E.2d 1105.

SS. As he promised, Zack Reynolds took no steps to return my money. I believe that my constitutionally protected statements were the direct cause of him reimbursing me. Mr. Reynolds wrongly accepted two separate payments for hundreds of dollars. He did not respond to two Zelle requests for reimbursement. He made contradicting claims to excuse his behavior.

TT. The Defendant's malfeasance did not just deprive me of $550 for two weeks. His withholding of my money caused me to spend hours pursuing fair resolution.

**Fourth Cause of Action: Abuse of Process**

UU. Elements of tort of abuse of process are: (1) legal proceeding has been set in motion in proper form and with probable cause; (2) proceeding has been perverted to attempt to accomplish ulterior purpose for which it was not designed; and (3) direct damage has resulted from wrongful use of process. Cox v. Oliver, 2nd Dist. No. 26891, 2016-Ohio-4575, 66 N.E.3d 1101.

PP. Here, two proceedings were initiated: the grievance on September 27, 2023, and the complaint on November 17, 2023. Mr. Reynolds perverted each proceeding by:

- provided incomplete record of text messages;
- failing to correct his DBA grievance after learning that Zachary Reynolds of Ohio is my husband, not my client;
- misstating to the DBA circumstances surrounding my reimbursement; and,

10

Mont. Co. Ohio 2023 CV 06192    Plaintiff's First Amended Complaint    December 5, 2023

- deploying a non-Ohio attorney to claim to represent him and threaten me.

WW. As a result of the Defendants abuses of process, I have suffered economic and non-economic damages.

### Fifth Cause of Action: Negligent Infliction of Emotional Distress

XX. Freedom from negligent infliction of serious emotional distress is entitled to independent legal protection. There is, according to the Ohio Supreme Court, a resulting legal duty to refrain from negligently inflicting serious emotional distress. Paugh v. Hanks, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983). A Plaintiff need suffer immediate manifestation of physical injury in order to bring a negligent emotional distress action. Id.

YY. The Defendant had a duty to refrain from negligently inflicting emotional harm in his participation in the grievance process, his statements to the Kettering Police Department, and his statements and direction to Illinois attorney Eric P. Sparks. He breached this duty when he issued misleading and false statements. He also breached this duty when he failed to correct his grievance after learning that it was predicated upon a misunderstanding of determinative facts. As a result of the Defendant's breach, I have suffered serious emotional damages.

### VII. PRAYER FOR RELIEF

ZZ. I respectfully request judgment as follows:

1). For the First Cause of Action (Defamation Per Se), compensatory and exemplary damages in an amount to be determined at trial, but not less than $80,000 (eighty-thousand dollars), plus attorney fees and costs;

11

Mont. Co. Ohio 2023 CV 06192　　　Plaintiff's First Amended Complaint　　　December 5, 2023

2). For the Second Alternative Cause of Action (Defamation Per Quod), compensatory and exemplary damages in an amount to be determined at trial, but not less than $80,000 (eighty-thousand dollars), plus attorney fees and costs;

3). For the Third Cause of Action (Conversion), compensatory and exemplary damages in an amount to be determined at trial, but not less than $2,500 (two-thousand five hundred dollars) plus attorney fees and costs;

4.) For the Fourth Cause of Action (Abuse of Process), compensatory and exemplary damages in an amount to be determined at trial, but not less than $40,000 (forty thousand dollars), plus attorney fees and costs;

5.) For the Fifth Cause of Action (Negligent Infliction of Emotional Distress), compensatory and exemplary damages in an amount to be determined a trial, but not less than $30,000 (thirty-thousand dollars),

and

4). Granting other relief to Plaintiff as the Court deems just and proper.

Respectfully submitted,

*Christine Baker*

Christine Baker, Plaintiff
Ohio Attorney No. 0088634
*Pro Se*
120 W. 2nd St., Ste. 435, Dayton, Ohio 45409
Tel. (937) 212-9013
E-mail: christinebakerlaw@outlook.com, christine@christinebakeresq.com

12

Mont. Co. Ohio 2023 CV 06192   Plaintiff's First Amended Complaint   December 5, 2023

CERTIFICATE OF SERVICE

I certify that on December 5, 2023, I electronically filed this civil complaint for damages in the Montgomery County, Ohio Court of Common Pleas, General Division (Civil), via the Court's e-filing system.

I also certify that I have initiated personal service of process by this Court to the Defendant, who I do not *know* to be represented by counsel:

    Mr. Zachary Reynolds
    4912 Cornell Ave.
    Downers Grove, Illinois 60515-3321

Respectfully submitted,

Christine Baker, Plaintiff
Ohio Attorney No. 0088634
*Pro Se*
120 W. 2nd St., Ste. 435
Dayton, Ohio 45409
Tel. (937) 212-9013
E-mail: christinebakerlaw@outlook.com, christine@christinebakeresq.com

13

Mont. Co. Ohio 2023 CV 06192    Plaintiff's First Amended Complaint    December 5, 2023