UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTINE BAKER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-380 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| ZACHARY REYNOLDS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL AND SUPPORTING MEMORANDUM (DOC. NO. 9); ORDERING PLAINTIFF TO FILE THE AMENDED COMPLAINT AS A SEPARATE FILING; AND FINDING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DOC. NO. 7) MOOT**

Presently before the Court are Plaintiff Christine Baker's ("Baker") Motion to File Under Seal and Supporting Memorandum ("Motion to Seal") (Doc. No. 9 at PageID 150-51); Amended Civil Complaint for Damages ("Amended Complaint") (*Id*. at PageID 151-68); and, Plaintiff's Response Opposing Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b) (*Id*. at PageID 168-69). For the reasons explained below the Court **DENIES** the Motion to File Under Seal and Supporting Memorandum; **ORDERS** Baker to file her Amended Civil Complaint for Damages as a standalone filing; and, **FINDS AS MOOT** Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (Doc. No. 7).

I.  **BACKGROUND**

This matter stems from a mistaken transfer of money by Baker to Defendant Zachary Reynolds ("Reynolds"). (Doc. No. 9 at PageID 153.) As a general summary, Baker alleges that

1

she inadvertently used the payment app Zelle to send $550 to Reynolds, who shares the same name and a similar email to Baker's husband. (*Id*.) Upon contacting Reynolds to retrieve the funds, Reynolds informed Baker that, due to her conduct, he would not return the money and she could contact the financial institution to recoup the money. (*Id*. at PageID 154.) The financial institution was unable to help Baker and she determined the next step was to initiate a lawsuit in Downers Grove, Illinois where Reynolds lives. (*Id*.) In support of this effort, Baker contacted both the Downers Grove Police Department and the Kettering Police Department regarding the mistaken transfer. (*Id*. at PageID 154-56.)

In response to Baker's actions, Reynolds allegedly filed a complaint with the Dayton Bar Association that contained incorrect information. (*Id*. at PageID 156-57.) Baker was subsequently contacted by Reynolds' attorney regarding this dispute and Baker alleges that Reynolds again provided incorrect information to the attorney in question. (*Id*. at PageID 157-59.)

Baker filed the present action in the Court of Common Pleas of Montgomery County, Ohio on November 17, 2023 and she filed an amended complaint in state court (the "state court amended complaint") on December 5, 2023. (Doc. Nos. 2-2; 2-3.) This action was removed to this Court on December 18, 2023 (Doc. No. 1) and Reynolds filed his Motion to Dismiss directed at the state court amended complaint on December 26, 2023 (Doc. No. 7). Baker filed her Motion to Seal, Amended Complaint, and response to the Motion to Dismiss as one document on January 16, 2024 (Doc. No. 9).

II. **ANALYSIS**

 A. **Motion to File Under Seal**

Turning first to the Motion to Seal, Baker argues that "confidentiality is required by Rule V, Section 8 of the Supreme Court Rules for the Government of the Bar of Ohio (Gov. Bar R. V).

2

Additionally, the Ohio State Bar Association requests confidentiality in its published materials on the topic." (Doc. No. 9 at PageID 151.)

A party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016); *see also Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). Ultimately, courts possess discretion to seal records, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983), albeit "not . . . the traditional scope of 'narrow review reserved for discretionary decisions based on first-hand observations.'" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). In exercising such discretion, courts must set forth an explanation for permitting the filing of information under seal. *Shane Grp.*, 825 F.3d at 306.

Baker falls well short of the heavy burden placed upon her as the party seeking to seal the record. *See Shane Grp.*, 825 F.3d at 306. Short of citing Ohio rules relating to the attorney disciplinary process, Baker makes no mention of the purpose of her motion nor gives the Court any inkling as to why the contents of her filing outweighs the public interest in access. Moreover, Baker makes no effort to explain how and why the seal would be no broader than necessary. A motion to seal is not an "ask and you shall receive" scenario, but an important function of the Court in weighing the public's interest in open dockets versus the sensitive nature of a party's filing.[1]

Therefore, the Motion to Seal is **DENIED** without prejudice to refiling.

---

[1] While a secondary point given the inadequacies of the Motion to Seal, Baker additionally failed to comply with S.D. Ohio Civ. R. 7.3(b). Rule 7.3(b) requires a party filing a motion of a type "which other parties might reasonably be expected to give their consent," to consult with all parties and "affirmatively state that such consultation has occurred or was attempted in good faith and shall state whether the motion is unopposed." S.D. Ohio Civ. R. 7.3(a)-(b). A motion to seal reasonably falls within the ambit of this rule as an opposing party may readily agree that a document should shielded from public view. In future filings Baker shall comply with S.D. Ohio Civ. R. 7.3.

### B. Amended Complaint and Motion to Dismiss

Plaintiff, as part of a multifaceted filing, further amended the state court amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Under Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course no later than… 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)…." Reynolds' Motion to Dismiss was filed December 26, 2023 (Doc. No. 7) and Baker timely filed her new Amended Complaint on January 16, 2024 (Doc. No. 9). *See Tyson v. Carter*, No. 3:22-cv-211, 2023 U.S. Dist. LEXIS 140165, at *4-6, 2023 WL 5121376, at *1 (S.D. Ohio Aug. 10, 2023), *adopted by*, *Tyson v. Carter*, No. 3:22-cv-211, 2023 U.S. Dist. LEXIS 155892, 2023 WL 5672668 (S.D. Ohio Aug. 30, 2023) (finding that the plaintiff was entitled to amend their complaint "as a matter of course" under Rule 15(a)(1)(B) even where the complaint had previously been amended prior to removal). The Amended Complaint is contained within a filing that includes another motion and a response in opposition, however. For the sake of clarity on the docket, Plaintiff shall file the Amended Complaint, as contained within Doc. No. 9, as a standalone filing on or before, Monday, January 22, 2024.

As Baker has filed an Amended Complaint, the Court finds Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **MOOT**. Reynolds shall file any responsive pleading or motion directed at the Amended Complaint in compliance with Fed. R. Civ. P. 12(a).

### III. CONCLUSION

For the reasons stated above:

1. The Motion to File Under Seal and Supporting Memorandum (Doc. No. 9 at PageID 150-51) is **DENIED** without prejudice to refiling;

4

5

2. It is **ORDERED** that Plaintiff Christine Baker shall file the Civil Complaint for Damages, as contained within Doc. No. 9, as a standalone filing on or before, Monday, January 22, 2024; and,

3. The Court finds Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 18, 2024.

                                                                   s/Thomas M. Rose
                                      _____
                                            THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE