UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTINE BAKER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-380 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| ZACHARY REYNOLDS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
WITHOUT PREJUDICE (DOC. NO. 12)**
_____

Presently before the Court is Plaintiff's Motion to Dismiss without Prejudice ("Motion") (Doc. No. 12).  In the Motion, Plaintiff Christine Baker ("Baker") seeks to dismiss this matter without prejudice.  For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to Dismiss without Prejudice.

**I.      BACKGROUND**

This matter stems from a mistaken transfer of money by Baker to Defendant Zachary Reynolds ("Reynolds").  (Doc. No. 9 at PageID 153.)  As a general summary, Baker alleges that she inadvertently used the payment app Zelle to send $550 to Reynolds, who shares the same name and a similar email to Baker's husband.  (*Id*.)  Upon contacting Reynolds to retrieve the funds, Reynolds informed Baker that, due to her conduct, he would not return the money and she could contact the financial institution to recoup the money.  (*Id*. at PageID 154.)  The financial institution was unable to help Baker and she determined the next step was to initiate a lawsuit in Downers Grove, Illinois where Reynolds lives.  (*Id*.)  In support of this effort, Baker contacted both the

1

Downers Grove Police Department and the Kettering Police Department regarding the mistaken transfer. (*Id*. at PageID 154-56.)

In response to Baker's actions, Reynolds allegedly filed a complaint with the Dayton Bar Association that contained incorrect information. (*Id*. at PageID 156-57.) Baker was subsequently contacted by Reynolds' attorney regarding this dispute and Baker alleges that Reynolds again provided incorrect information to the attorney in question. (*Id*. at PageID 157-59.)

Baker filed the present action in the Court of Common Pleas of Montgomery County, Ohio on November 17, 2023 and she filed an amended complaint in state court (the "state court amended complaint") on December 5, 2023. (Doc. Nos. 2-2; 2-3.) This action was removed to this Court on December 18, 2023 (Doc. No. 1). On January 21, 2024, Baker filed the present Motion (Doc. No. 12) and Reynolds did not file a response.

II. **ANALYSIS**

Baker seeks to dismiss this matter without prejudice. As Baker fails to cite a rule of civil procedure or any caselaw, the Court assumes she seeks to dismiss this matter pursuant to Fed. R. Civ. P. 41.

"Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that, "[u]nless the order states otherwise, a dismissal under this [subsection] is without prejudice." Fed. R. Civ. P. 41(a)(2). "A plaintiff who moves to dismiss its action via court order ... is subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020).

Despite the Court's admonition in its most recent order, Baker again failed to comply with

2

S.D. Ohio Civ. R. 7.3.  (*See* Doc. No. 11 at PageID 175 n. 1.)  As Reynolds chose not to file a response to Baker's Motion, the Court will view the Motion as unopposed and will not impose any additional requirements on Baker's dismissal.

### III.    CONCLUSION

For the reasons stated above Plaintiff's Motion to Dismiss without Prejudice (Doc. No. 12) is **GRANTED**.  The Clerk is directed to terminate this matter on the docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, February 20, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE